HARRIS, J.
This is an appeal and a cross appeal from an action to amend and enforce a final judgment of divorce. The parties’ 1986 divorce Final Judgment, pursuant to a settlement agreement, required an annual cost of living increase based on the CPI index for child support. The agreement and Final Judgment also obliged the father to contribute to the children’s expenses for “college and/or other post-graduate or professional school beyond high school.” At the time the parties entered into this agreement and at the time of the divorce, the father’s construction business was extremely successful and provided him with an annual income of $180,000. However, the 1986 Tax Reform Act devastated his business with many projects ending in losses or foreclosure. In the late 1980s, the father’s annual income was reduced to about $80,000 with child support and alimony obligations of $56,400 per year. The husband alleged that because of his financial reversal, his former wife agreed that the CPI adjustments would be deleted and that she would agree to reduce alimony until his condition improved. Although the wife denied that she had agreed to forgo the cost of living adjustment, her post-divorce silence on the subject caused the husband to claim laches when, after the children became “of age” and almost ten years after it became obvious that the father was not paying the adjustment, the wife sought to recover all unpaid alimony together with the accumulated cost of living-adjustments to the child support.
The trial court initially ruled that laches would bar the recovery of CPI adjustments to child support because the father had continued to pay the monthly amount ordered throughout the children’s minority and the mother had never asserted a right to the adjustment. On rehearing, the court changed its ruling because there was no showing of prejudice. We disagree with the court’s amended decision. The husband claims that he did not seek modification of the CPI requirement when his income fell in the late 1980’s only because the wife agreed to forgo the automatic CPI increase. The fact that he did not seek modification in reliance on the wife’s not claiming the adjustment is itself detrimental reliance. When his income subsequently increased, and before it again plummeted, he would have been able to pay the rather modest increase at that time *621 had the wife indicated that she considered herself entitled to it. She should not be permitted to sit on her rights for over ten years and now, when her claim is in excess of $50,000, seek belated recovery.
We agree with the trial court that laches should not apply to the delinquent alimony. Although the wife agreed to defer a portion of her alimony until the husband’s “financial condition improved,” the husband agreed that he would “make up the short fall” if conditions permitted. Conditions have existed over the years in which he could have made these payments current and he did not.
One simply cannot explain why anyone would agree to the education provision contained in the parties’ agreement. It is not clear exactly what post-high school education is contemplated and it has no termination point. The daughter claims that she can attend college, graduate school, and such professional schools as she chooses for so long as she chooses and the father will be committed to pay the expenses. The father urges that “college and/or other post-graduate or professional school beyond high school ” means college or its equivalent. The matter is complicated by the fact that the daughter and her mother have not been forthcoming about her education goals and the college expenses. Until the first day of trial, the wife asserted that she had spent over $70,000 on her daughter’s college expense. This claim was withdrawn. It appears that although the father had paid over $38,000 for his half of his daughter’s four years in college, the total expenses were only $9,000. Further, while the daughter attended college for four years, the father subsequently learned that she had obtained only a two-year degree. She has now enrolled in an out-of-state private college with expenses of over $30,000 a year.
Although we agree that the father is entitled to some relief, because of the agreement executed by him, little relief is possible. He agreed to pay $750 per month for so long as the daughter was in college. She was “in college” even if part time during the four years that she was earning her two-year degree. She still has not completed “college” if we define that term in relation to a four-year degree. Under the facts of this case, the vague language in the agreement and the conduct of the parties, we believe the agreement should be construed to give the daughter a four-year college education or its equivalent. We believe, therefore, that the father is committed to two more years of college.
We agree with the wife that she has submitted sufficient evidence to sustain her claim for past medical expenses and the court should review the record, or perhaps have the parties present the evidence in a more manageable form, and determine the amount owed by the father. Further, because the parties stipulated to defer argument on attorney fees and costs, we agree with the wife that it was premature to deny her fees in this matter.
AFFIRMED in part; REVERSED in part and REMANDED for further action consistent with this opinion.
COBB and GOSHORN, JJ., concur.